Downs and Others v. McCombs.

When a complaint, or the bill of particulars filed therewith, contains one good cause of action, it is not subject to demurrer.

If the defendant answers by the general denial, he admits the capacity of the plaintiff to sue.

APPEAL from the *Sullivan* Common Pleas.

*Saturday,*
*June 1.*

*Per Curiam.*—Perry McCombs died, leaving *Julia A. McCombs*, his widow, surviving. *Perry's* estate was appraised at $267, which being less than $300, was all given

by the Court to the widow. One item in the schedule of property, thus appraised, read as follows: "Interest in saw and grist mill, fifteen dollars."

The widow now sues the two surviving partners of her deceased husband in said saw and grist mill for the interest of her husband in the concern, itemizing the claim thus: interest in real estate owned; interest in the logs and lumber on hand; interest in the choses in action of the firm, &c., $500. No motion was made to strike out any item. A demurrer to the complaint was overruled. If the complaint set forth one good cause of action, it was not subject to demurrer. The general denial was answered, which admitted the capacity of the plaintiff to sue. *Jones* v. *The Cincinnati Type Foundry*, 14 Ind. 89. Jury trial; finding and judgment for plaintiff for $75; which, added to the $267, less fifteen dollars, gives the widow $327, being over $300. We see no error in this judgment. Whether creditors could have had a re-appraisement of the estate, or whether they can now claim the overplus beyond the $300 are questions not before us.

The judgment is affirmed, with 1 per cent. damages and costs.

*Scott, Neff* and *Gunn*, for the appellants.

*S. Coulson*, for the appellee.