## SUPREME COURT.

### Mattoon agt. Baker.

An *appeal* lies from an order overruling a demurrer to one of several alleged defences, with liberty to reply to that part of the answer demurred to.

Where the complaint alleged a cause of action on contract for goods, wares, and merchandise sold and delivered; for work, labor and services done and performed, and for money paid, laid out and expended, as one cause of action; and for an accounting and a balance due the plaintiff, and a promise to pay, as a second cause of action, and the defendant put in first a general denial; second, a set-off or counter-claim for goods sold and delivered, money paid, laid out and expended, &c., and for a general balance on account; and third, a *multifarious defence of a legal and equitable* character to which last defence the plaintiff *demurred,*

*Held,* that if the last defence, although containing a set-off, and matter of purely an equitable nature, and therefore multifarious, contained allegations of fact sufficient to make out a proper case for a *set-off,* it must be held good as a *counter-claim,* notwithstanding it might also contain other statements of no value as a defence—no objection having been taken on that ground—the remedy being by motion to strike out, not by demurrer.

*Held,* also, that should the third defence contain no sufficient ground for a set-off, but matter for *equitable relief only,* having no connection with the subject of plaintiff's action, the demurrer would be well interposed, although the latter defence was pleaded as a counter-claim.

A *counter-claim,* to be available to a party, must afford to him protection in some way against the plaintiff's demand for judgment, either in whole or in part. It must, therefore, consist in a set-off or a claim by way of recoupment, or be in some way connected with the subject of the action stated in the complaint; and an answer which does not meet these requirements is *insufficient.*

*Schenectady General Term, January,* 1863.

Potter, Bockes and James, *Justices.*

This is an appeal from an order overruling a demurrer to the third count of the defendant's answer.

Armstrong & Palmer, *for plaintiff.*
S. M. Weed, *for defendant.*

By the court, Bockes, Justice. The complaint is on contract, and contains two causes of action. The first for goods, wares and merchandise sold and delivered; for work, labor and services done and performed; and for money paid, laid out and expended. The second alleges

an accounting between the parties, and a balance due the plaintiff with a promise to pay.

The defendant interposed three defences : first, a general denial; second, a set-off or counter-claim for goods, wares and merchandise sold and delivered; for money paid, laid out and expended; for rent and board, and for a general balance on account; third, a multifarious defence of a legal and equitable character.

To the third alleged defence the plaintiff demurred.

1. The objection that an appeal does not lie in this case is not well taken. The demurrer was interposed to one of several alleged defences, and the order overruled the demurrer, with liberty to reply to that part of the answer demurred to. The appeal was, therefore, properly taken from the order declaring the decision. (*Code*, § 349, *sub.* 2.)

2. It does not appear from the pleadings that the matters stated in the third defence have any connection with either alleged cause or ground of action. They must, therefore, be considered as wholly distinct from the contracts and transactions set forth in the complaint as the foundation of the plaintiff's claim. Nor are they pleaded as a defence to the action, except by way of counter-claim. The question therefore is, whether those matters are well pleaded as a counter-claim.

This defence is informally stated, and requires a careful examination in order to understand the bearing and import of the facts alleged. But on analysis it will be found to contain matter of set-off, and also matter of an equitable nature, cognizable only by a court of equity. In this aspect the pleading is multifarious. It includes distinct subjects in the same alleged defence. No objection is taken, however, to the pleading on this ground, nor could it here prevail if taken, as the remedy in such case is by motion, not by demurrer. If, therefore, the pleading contains allegations of fact sufficient to make out a proper case for a set-off, it must be held good as a counter-claim, notwith-

standing it may also contain other statements of no value as a defence. Such statements may be treated as useless and redundant. In this view, I think the pleading will be found to be sufficient and admissible under the provisions of the Code. If these be stricken from it, the various allegations on which the defendant bases his claim for equitable relief, enough will remain to show a money demand, or cause of action in favor of the defendant against the plaintiff, arising on contract. This being so, the demurrer was properly overruled. The remedy of the plaintiff was by motion to strike out portions of the alleged defence, and to make it more definite.

3. Should the defence demurred to be deemed to contain no sufficient allegation to establish a set-off, or money demand in favor of the defendant and against the plaintiff, and be held to state grounds for equitable relief *only*, having no connection with the subject of plaintiff's action, then in my judgment the demurrer would be well interposed. Suppose the defendant had set up those facts, and those only, which would entitle him to a claim against the plaintiff to the effect that he held the lands embraced in the sheriff's deed for the defendant, and that in equity he was bound to convey them to the defendant, and directing a conveyance accordingly. Would this constitute a defence to plaintiff's action for goods sold, &c., and for balance due on settlement of accounts? Clearly not; nor would it be such a counter-claim as the defendant would have a right to interpose by way of answer to plaintiff's alleged grounds of action. Such equitable claim for relief would afford no answer to the plaintiff's claim for judgment. He would still be entitled to recover according to the allegations of his complaint without any deduction, even on account of the matters stated in the answer. A counter-claim to be available to a party must afford to him protection in some way against the plaintiff's demand for judgment, either in whole or in part. It must, therefore, consist in a set-off or

claim by way of recoupment, or be in some way connected with the subject of the action stated in the complaint. It must present an *answer* to the plaintiff's demand for relief, must show that he is not entitled, according to law, or under the application of just principles of equity to judgment in his favor, as or to the extent claimed in the complaint. It must, therefore, contain not only the substance of what is necessary to sustain an action in favor of the defendant against the plaintiff, but it must also operate in some way to defeat, in whole or in part, the plaintiff's right of recovery in the action. An answer which does not meet this requirement is insufficient, whether regarded as a defence or counter-claim. If a person be sued on a promissory note, he cannot set up by way of defence or counter-claim a contract with the plaintiff for the purchase of lands, and allege payment of the purchase price, and claim a decree in the action for specific performance; nor could he in such action on promissory note have a foreclosure of a mortgage against the plaintiff, especially if he were not personally liable for the mortgage debt.

But I think the defence demurred to contains a counter-claim by way of set-off or money demand, and hence the order of the special term overruling the demurrer was properly granted.

The order appealed from must be affirmed with $10 costs and disbursements of the appeal, with liberty to the plaintiff to withdraw the demurrer and reply within twenty days after service of the order of affirmance, and on paying the costs of the demurrer and of the appeal, but without prejudice to other proceedings already had in the case.