KLINE, RESPONDENT, v. HANKE ET AL., APPELLANTS.

[Submitted November 3, 1893. Decided April 23, 1894.]

TRIAL—*Directing verdict—Action for rent.*—On the trial of an action to recover rent it is error for the court to direct the jury to find for the plaintiff when there is evidence tending to support a defense that defendant did not enter the premises in question under a lease for years, but merely as a tenant from month to month.

ACTION ON LEASE—*Defenses, consistency of.*—In an action upon a lease a defense that defendant was merely a tenant from month to month is not inconsistent with a defense that by reason of acts and omissions of the plaintiff, amounting to an eviction, defendants were compelled to remove from the premises.

*Appeal from First Judicial District, Lewis and Clarke County.*

ACTION on a lease. The cause was tried before BUCK, J., who directed a verdict for plaintiff. Reversed.

*Henry C. Smith,* for Appellants.

An agreement for a lease will not be enforced if its conditions are unperformed or broken by the landlord. (1 Taylor's Landlord and Tenant, § 388; *Tomilinson* v. *Day,* 2 Brod. & B. 681.) A tenant whose rent is payable monthly under a general holding or a void parol lease will hold from month to month. (*Hurd* v. *Whitsett,* 4 Col. 77; *Western Union Tel. Co.* v. *Fain,* 52 Ga. 18; *Brownell* v. *Welch,* 91 Ill. 523.) The failure to complete the building amounted to an eviction. (*Royce* v. *Guggenhein,* 106 Mass. 201; 8 Am. Rep. 322; *Skally* v. *Shute,* 132 Mass. 367.) The evidence as to the presence of the lewd woman and the nuisances complained of should have gone to the jury. (*Dyett* v. *Pendleton,* 8 Cow. 727; *Cohen* v. *Dupont,* 1 Sand. 260; *Alger* v. *Kennedy,* 49 Vt. 109; 24 Am. Rep. 117; *Halligan* v. *Wade,* 21 Ill. 470; 74 Am. Dec. 108;

*Bissell* v. *Lloyd*, 100 Ill. 214; 1 Taylor's Landlord and Tenant, § 381; *Rowbotham* v. *Pearce*, 5 Houst. 135; *Levitzky* v. *Canning*, 33 Cal. 299.) At least it was a question for the jury as to whether by his acts plaintiff did not intend an eviction. (1 Taylor's Landlord and Tenant, § 381.)

*C. H. Fleischer*, also for Appellants.

*H. S. Hepner*, for Respondent.

Even though an agreement to give a more formal lease be embodied in the writing, still, if there are words of present demise, it has been held to be only in the nature of a covenant for further assurance. (Taylor's Landlord and Tenant, § 41, and cases cited; Tiedeman on Real Property, § 179; Washburn on Real Property, 397, 398; 1 Woodfall on Landlord and Tenant, *95, 96; *Hallett* v. *Wylie*, 3 Johns. 44, 47, 48; 3 Am. Dec. 457; *Jackson* v. *Kisselbrack*, 10 Johns. 336; 6 Am. Dec. 341; *Whitney* v. *Allaire*, 1 N. Y. 305; *Bacon* v. *Bowdoin*, 22 Pick. 401. See, also, *Chapman* v. *Bluck*, 4 Bing. N. C. 187.) The theory on which appellants based their case rested upon a new and different agreement than the one set out by plaintiff. This new agreement was alleged tenancy from month to month. Appellants' contention of an eviction under such theory should have no standing, inasmuch as they were at liberty to vacate the premises at the expiration of each month. As there was no evidence to indicate a notice of intention to move, testimony of an eviction would have been proper, provided the new agreement (under which such eviction is alleged to have taken place) had been proven. This they failed to do.

Per CURIAM.—The object of this action is to recover rent alleged to be due from defendants to plaintiff under the terms of a lease of certain premises in the city of Helena, which demand is for rent accrued after defendants vacated said premises. The instrument on which plaintiff relies as a lease, set forth in his complaint, discloses a contract between plaintiff and defendants, whereby plaintiff agreed to erect a certain described building on one-half of lot 31, block 2, of said city, to be completed and ready for occupation by defendants on or

before August 15, 1890, and to lease the same to defendants for the period of five years from that date at a rent of fifty-two dollars and fifty cents per month, payable in advance; and defendants, on their part, agreed, by the terms of said instrument, to lease said premises for said period at the rent aforesaid, when so erected by plaintiff according to the terms of said contract.

Defendants, by answer, admit the execution of said contract, but allege that the same never became effectual, because said building was never completed as provided thereby. That defendants went into said building under another and entirely different contract, entered into with plaintiff about the time said building was completed; that is, a parol contract, whereby defendants agreed with plaintiff to lease said building from month to month, at a rent of fifty-two dollars and fifty cents per month, and not otherwise. And defendants, for further defense, allege that said building, by reason of the acts and omissions of plaintiff, became untenantable, whereby defendants' eviction therefrom was caused by plaintiff, in that no substantial roof was put upon said building, so as to prevent leakage, and by reason thereof great quantities of water came into said building upon defendants' goods, furniture, and fixtures, whereby the same were damaged, and defendants' business greatly interrupted. That plaintiff was frequently notified of such defective condition of said roof, the leakage, and the injury to defendants' goods and business therefrom; but that plaintiff neglected to repair the roof of said building to prevent such leakage. That the lower part of said building occupied by said defendants was by them used for the purpose of conducting a butcher's business therein, and the upper part of said building so leased by defendants was used for residence purposes by one of the defendants and his family. That plaintiff had control of other parts of the second story of said building, and occupied apartments therein. That said upper story was so arranged that it was necessary for both plaintiff and those residing therein by his permission, and defendants and his family, to use a hallway, hydrant, and sink in common, in their occupation thereof. That plaintiff's conduct in his use and occupation of that portion of the building, and the

purposes for which he allowed the same to be used, were such as amounted to a continuing nuisance, whereby defendants' use and enjoyment of the portion thereof by them leased was prevented, in this: that plaintiff emptied into said sink, situated under said hydrant, wherefrom defendant and his family, residing in the upper part of said building, obtained water for family use, certain filthy matter, brought thereto from plaintiff's lodging apartments, whereby and wherefrom noxious odors, offensive to the senses and deleterious to health, arose and permeated the upper part of said building, and that such nuisance was continued a long time; and that plaintiff also allowed lewd women to occupy apartments in the upper story of said building, with whom defendant's wife was compelled to meet in her use of said common hallway therein, whereby defendant was prevented from continuing his occupation of said building with comfort and enjoyment, or with safety to the health of himself and family, and was thereby compelled to remove therefrom as evicted by the acts of plaintiff.

By replication plaintiff put in issue all the affirmative allegations of the answer, and on the issues thus raised by the pleadings the trial ensued, whereat both parties introduced testimony in support of their contention; but at the close of the introduction of testimony the court, having excluded certain testimony offered on the part of defendants, directed the jury, on motion of plaintiff, to return a verdict in his favor, which the jury did accordingly.

The assignments of error which we deem necessary to examine relate to the action of the trial court in striking out certain testimony introduced by defendants, and also excluding other evidence by them offered, and peremptorily directing the jury to return their verdict for plaintiff; which assignments will now be considered.

Upon the trial, plaintiff introduced evidence tending to support the allegations of the complaint, and, plaintiff having rested, defendants introduced evidence on their part, tending to support their defense that said original contract providing for the erection of said building by plaintiff, and the lease thereof by defendants for the period of five years, was abandoned by reason of the failure of plaintiff to erect and com-

plete the same within the time provided; and that defendants
did not enter said premises pursuant to the terms of said con-
tract, but went in under a parol agreement to lease and occupy
said premises from month to month, as averred in the answer.
This evidence was admitted, and tends to support that branch
of the defense, whereby it clearly appears that the peremptory
direction of the court to the jury to find for plaintiff, without
consideration of the evidence offered in support of that defense,
was erroneous. Not only so, the testimony of Schopfer, stricken
out, and that of other witnesses offered by defendants and ex-
cluded by the court, tended to support the allegations of defend-
ants' answer as to the imperfect roof on said building, the
leakage, and the creation and maintenance of a nuisance therein
by plaintiff. The objection to said evidence, sustained by the
court, states that the same is immaterial, irrelevant, and incom-
petent. It appears to be tainted with none of those char-
acteristics, for the testimony excluded purported to be that of
witnesses having personal knowledge of the conditions men-
tioned.

But the more remote cause of irrelevancy suggested is
that defendants' two defenses set up are inconsistent. Even
this would not justify the ruling of the court which denied
defendants the benefit of both defenses by directing the jury to
return a verdict for plaintiff, without consideration of any part
of the defense. The suggestion that the defense affirming that
defendants were, in effect, evicted from said premises by the
alleged misconduct of plaintiff is inconsistent with the other
alleged defenses to the effect that defendants had only leased
from month to month, and therefore defendants should not be
allowed to prove both defenses, cannot be maintained. Defend-
ants may allege as many defenses as they have. Two are
alleged in this case. It may well have been considered by
defendants that the court and jury might not adopt their con-
tention that they went into said premises under an agreement
to rent from month to month, independently of the original
contract. If the court and jury interpreted the facts and cir-
cumstances against defendants on that defense, and held that
defendants were committed to a lease for five years, can it be
maintained that they could not show facts of which plaintiff
was the author, amounting to an eviction of defendants during

said term of five years? We think not. There is no inconsistency, contradiction, or incompatibility in these two defenses which forbids pressing both forward with such evidence as defendants can command.

Judgment and order reversed, and cause remanded for new trial.

*Reversed.*

All concur.