O'DONNELL ET AL., RESPONDENTS, *v.* CITY OF BUTTE, AP-
PELLANT.

(No. 3,020.)

(Submitted November 1, 1911.  Decided November 11, 1911.)

[119 Pac. 281.]

*Pleading—General Denial—Representative Character of Plain-
tiff—Admissions—Inconsistent Defenses.*

Pleading—General Denial—Capacity to Sue—Waiver.
1.  A general denial did not put in issue the representative character
of plaintiff administrator; the defect being one going to capacity to
sue must be specially pleaded; where it is not so pleaded, it is deemed
waived.

Pleading and Proof—Admissions—Issues.
2.  An allegation in an answer that a fact, stated in the complaint as
true, is true, or the affirmative statement therein of a fact which is
likewise pleaded in the complaint, is an admission of the truth of the
allegation of the complaint, and proof thereof is not necessary.

Pleading—Inconsistent Defenses.
3.  A defendant may plead inconsistent defenses, provided they are
not so incompatible as necessarily to render one or the other abso-
lutely false.

*Appeal from District Court, Silver Bow County; J. M. Cle-
ments, Judge of the First Judicial District, Presiding.*

ACTION by Mary O'Donnell and others against the City of
Butte.  From a judgment for plaintiffs, and from an order
denying a new trial, defendant appeals.  Affirmed.

*Messrs. H. Lowndes Maury, John A. Smith,* and *N. A. Roter-
ing,* for Appellant, submitted a brief; *Messrs. Smith* and *Roter-
ing* argued the cause orally.

*Messrs. Breen & Jones,* for Respondents, submitted a brief.
*Mr. Peter Breen* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the
court.

This action was brought by Mary O'Donnell and certain
minors, by Mary O'Donnell, their guardian, to recover damages

for injuries to real estate, caused by a change of grade in the street upon which the plaintiffs' property abuts. The answer admits the corporate existence of the city, the plaintiffs' owner-ship of the land, and "denies generally each and every allegation contained in plaintiffs' complaint not herein specifically admitted or denied." This was followed by an affirmative defense. Upon the trial plaintiffs failed to introduce any evidence of the appointment of Mary O'Donnell as guardian of the minors, or that the land was situated within the corporate limits of Butte. The trial resulted in a verdict and judgment in favor of plaintiffs. The defendant city appeals from the judgment, and from an order denying it a new trial.

Two questions only are presented, and these arise upon a consideration of the evidence. It is urged that the evidence is insufficient to support the verdict, in this: (a) There is not any evidence that Mary O'Donnell was appointed guardian of the minor plaintiffs; (b) there is not any evidence that the property injured is situated within the city of Butte.

1. In the complaint it is alleged that Mary O'Donnell is the [1] duly appointed, qualified and acting guardian of the minors, who are her coplaintiffs. The parties hereto apparently treat the denial above as a general denial. Strictly speaking, it is not; but for present purposes assume that it is, and the question arises, Does a general denial raise an issue upon this allegation?

It is the rule that a general denial puts in issue every material allegation constituting the cause of action. (Pomeroy's Code Remedies, secs. 542, *666; Bliss on Code Pleading, sec. 325.) An allegation that minor plaintiffs have a duly appointed guardian is not any part of the statement of their cause of action, but rather a statement of the authority by which they appear. The action is not by the guardian. The guardian is not the plaintiff, but the action is by the minors, who are required to appear through or by a guardian (Rev. Codes, sec. 6481), so that the question is one of capacity to sue. Section 6534, Revised Codes, enumerates the grounds of demurrer.

Subdivision 2 provides that one ground of demurrer is "that the plaintiff has not the legal capacity to sue." Section 6538 provides: "When any of the matters enumerated in section 6534 do not appear upon the face of the complaint, the objection may be taken by answer." Section 6535 provides that objection under subdivisions 1, 3, or 6 of section 6534 may be stated in the language of the Code; then follows this sentence: "An objection taken under either of the other subdivisions must point out specifically the particular defect relied upon." When these several provisions are read together, it would seem to follow that the objection that plaintiff lacks legal capacity to sue cannot be raised by a general denial. The lack of capacity does not appear from the face of the complaint. Let us assume that Annie O'Donnell, an infant, brought this action in her own name, but did not plead her infancy; defendant could only raise the question of her want of capacity by pleading specially that she is under the age of majority. The objection may be taken by demurrer, if the fact of infancy appears from the face of the complaint. If it does not so appear, the objection may be made by answer.

Section 6535, above, provides that the objection of want of capacity to sue cannot be raised by pleading in the words of the statute, but the objection must point out specifically the particular defect. It may be suggested that section 6535 deals primarily with a demurrer, but there is not any reason for a more specific designation of the defect by demurrer than by answer. In fact, the Code seems to contemplate that an objection of want of capacity to sue, defect or misjoinder of parties, or misjoinder of causes of action must be made by a pleading which specifically points out the defect relied upon, whether the pleading be a demurrer or an answer. There is not any distinction made between these grounds of objection, and we imagine that there cannot be found a lawyer who would insist that under our Code the objection of defect of parties or misjoinder of causes of action could possibly be raised under a general denial. While the authorities are somewhat in conflict upon this question, the decided

weight of authority supports the view we have announced. (22 Cyc. 686; *Ewen* v. *Chicago & N. W. Ry. Co.,* 38 Wis. 613; *Dillaye* v. *Parks,* 31 Barb. (N. Y.) 132; *Cheatham* v. *Riddle,* 12 Tex. 112; *Downs* v. *McCombs,* 16 Ind. 211; *Rogers* v. *Marsh,* 73 Mo. 64; *Schuek* v. *Hagar,* 24 Minn. 339; *White* v. *Moses,* 11 Cal. *70; *Bank of Shasta* v. *Boyd,* 99 Cal. 604, 34 Pac. 337; *Blackwell* v. *British-American M. Co.,* 65 S. C. 105, 43 S. E. 395.)

Since the objection to the capacity of these minor plaintiffs to sue was not taken in the manner provided by the Code, it is deemed to be waived. (Section 6539, Rev. Codes.)

Appellant relies upon the decision in *Johnston* v. *Southern Pacific Co.,* 150 Cal. 535, 89 Pac. 348, 11 Ann. Cas. 841, but the question we are considering was not even before the court in that case, and was not decided. There the court had before it evidence of the appointment of a guardian *ad litem* for a minor sixteen years of age upon the petition of the guardian alone, without permitting the minor to exercise the right of nomination given her by law. Under these circumstances, the court held that the appointment was irregular; but there is not any suggestion in the opinion that an issue was attempted to be made upon the allegation of the appointment by a general denial. All that appears is, "An issue was joined upon this allegation by the answer."

2. The complaint alleges that plaintiffs' property is within the corporate limits of the city of Butte. It is insisted that this allegation is traversed by the general denial. Immediately following the paragraph of the answer in which is found the denial claimed to be a general denial, there are set forth allegations in the nature of an affirmative defense, in which it is stated that plaintiffs' land is within the city. Plaintiffs did not offer any evidence in support of their allegation that their property is within the city, and did not offer in evidence the affirmative defense contained in the answer of the defendant city; and it is now claimed that they failed to prove one of the material allegations of their complaint.

Appellant makes the mistake of assuming that its answer contains a general denial. Section 6540, Revised Codes, enu-

merates the various matters of which an answer may consist. They are: (1) A general denial; (2) special denial; (3) denial of knowledge or information; (4) specific admissions or denials, coupled with a general denial of all allegations not specifically admitted or denied; (5) new matter constituting a defense or counterclaim. Instead of this answer containing a general denial of all the allegations of plaintiffs' complaint, it [2] denies only those allegations not specifically admitted. An allegation in an answer that a fact stated in the complaint as true is true, or the affirmative statement in the answer of a fact which is likewise pleaded in the complaint, is an admission of the truth of the allegation of the complaint, and proof is not necessary. If it be said that this determination practically denies to a defendant the right to interpose inconsistent defenses, our reply is that the defendant does not have such right [3] unqualifiedly. The rule is established in this state that "the defendant may plead inconsistent defenses, provided they are not so incompatible as necessarily to render one or the other absolutely false." (*Johnson* v. *Butte & Superior Copper Co.,* 41 Mont. 158, 108 Pac. 1057.)

If the denial in this answer above be construed as a denial that plaintiffs' property is within the city of Butte, then such denial is so far inconsistent with the affirmative matter that one or the other is absolutely false. However, we will not hold that the party verifying this answer committed perjury; rather we will give the answer as a whole that construction which is entirely reasonable, *viz.,* that the denial above was intended only to put in issue those allegations which do not appear from the answer, as a whole, to be admitted to be true. Under this construction, the allegation of the complaint that plaintiffs' property is within the city of Butte is admitted, and did not require any proof.

We do not find any error in the record. The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.