[No. 7767.]

## LEWIS v. WEITBREC.

1. PLEADINGS—*Irrelevant Answer*, may be stricken from the files on motion. Rev. Code Sec. 66. (150)

2. EQUITABLE LIEN—*When Allowed.* One who having entered into an agreement with an agent for the purchase of the lands of his principal, submits to the repudiation thereof by the principal, and, treating the contract as broken, abandons his right to consummate the purchase, is not entitled to an equitable lien for the damages occasioned by the loss of his bargain, or moneys expended by him in preparing, before the repudiation of the contract, to perform it, even though the principal has no property except the lands, and is proposing and attempting to dispose thereof. (151, 153)

*Error to Pueblo District Court.*—Hon. C. S. ESSEX, Judge.

Mr. EDWARD C. STIMSON, and Mr. LAWRENCE LEWIS, for plaintiff in error.

Mr. M. G. SAUNDERS, and Mr. E. F. CHAMBERS, for defendant in error.

Weitbrec, as plaintiff, brought suit against Lewis, as defendant, to remove a cloud upon his title to the 3-R Ranch. The defendant answered and also filed a cross-complaint and counterclaim. On motion of plaintiff this pleading was stricken. Plaintiff then moved for judgment on the pleadings, which was granted. Defendant brings the case here for review on error. A Mr. Morris was also made defendant, but as he does not complain of the judgment rendered, we merely mention the fact as explanatory of allegations in the pleadings, which it is necessary to summarize in order to consider the questions upon which the defendant, Lewis, relies as constituting reversible error.

The complaint alleged that plaintiff was the owner in fee and in possession of the 3-R Ranch; that defendants, or one of them, on August 30th, 1909, placed on record a contract, which stated that Morris, as the agent of Wietbrec, contracted to sell Lewis the ranch; that this contract was made and entered into without authority from plaintiff; that he never confirmed nor ratified it; that it cast a cloud upon his title; that he first gained knowledge of it August 25, 1909, and three days later notified defendants that he repudiated it. He then alleged that defendants claimed some right or interest to the property adverse to him, and prayed that the contract be declared null and void, and that defendants be decreed to have no interest in the ranch under the contract. For answer, defendant Lewis, admitted that plaintiff was the owner in fee and in possession of the ranch, subject to the liens and claims of the defendants; admitted that he filed the contract for record, and that he declined to have it released or cancelled; alleged that the contract was entered into with Morris, as agent for plaintiff, and that Morris was authorized in writing to execute the contract; that August 19, 1909, plaintiff had knowledge of its terms; that he did not object until August 28, 1909, and that he ratified and confirmed it. Lewis further alleged that he and his associates were ready, able and willing to carry out the contract; that he so advised plaintiff, but that he, the plaintiff, declined and refused to comply with its terms and conditions. Lewis further admitted that he claimed an equitable lien on the ranch by virtue of the contract to the extent of ten thousand dollars. For further answer cross-complaint and counterclaim the defendant Lewis, alleged that plaintiff was the owner in fee, subject to the liens of the defendants on the property involved; that plaintiff constituted Morris his agent for sale of the property by

a written agreement, dated April 3, 1909; that Lewis or-
ganized a syndicate for the purchase of the property,
which fact was communicated to plaintiff; that plaintiff
notified Morris of the termination of his agency, and
that Morris and Weitbrec fixed the time of expiration as
midnight of August 19, 1909, but that the day previous,
Morris, as agent for plaintiff, entered into the contract
which plaintiff asked to have cancelled; that plaintiff
was fully advised of the negotiations between Lewis and
Morris; that after the execution of the contract tele-
grams and letters were sent to Weitbrec notifying him of
its execution; that plaintiff, though informed that Lewis
and his associates, were proceeding with preparations
to carry out the contract, and were expending money for
this purpose, acquiesced therein and did not attempt to
repudiate it until August 28, 1909; that on that day plain-
tiff wrote defendant that he declined to recognize the
contract; that Lewis, at the time of the execution of the
contract, and for a long time thereafter, was ready, will-
ing and able to perform it; that he repeatedly so notified
plaintiff, but that by plaintiff's actions it was clear that
a tender of performance would be idle and unnecessary;
that Lewis was thereby deprived of his bargain and
damaged in the sum of ten thousand dollars; that plain-
tiff has no other property than the ranch, and that he
is now attempting and is about to dispose of it, and if
so disposed of Lewis will have no adequate remedy at
law. Based on these allegations, Lewis prayed that the
ranch be charged with an equitable lien in the sum of ten
thousand dollars, or at least that the decree, if any is
rendered, cancelling the contract, be made conditional
upon plaintiff doing equity by paying Lewis the amount
of the damages which he has sustained by reason of the
alleged wrongful acts of plaintiff.

The motion to strike the further answer stated as

grounds therefor, that it was irrelevant, immaterial and insufficient, and did not contain allegations of fact constituting a defense or counterclaim to plaintiffs' cause of action. The defendant objected to the court considering this motion for the reason that the questions thereby raised could only be presented by demurrer. The motion to strike, as stated, was sustained, and judgment then rendered on the pleadings in favor of plaintiff, to the effect that plaintiff was the owner and entitled to the possession of the ranch, and that defendants had no interest therein. The court did not order the contract cancelled, but in the decree stated that whether defendants, or either of them, had any right of action against plaintiff on a plain money demand, growing out of the matters set forth in the pleadings, was not determined by the judgment. The errors assigned are substantially embraced in the following:. (1) that the court erred in ruling and holding that the sufficiency of the cross-complaint. and counterclaim could be tested by the motion to strike; (2) that the court erred in sustaining the motion for the reason that defendant was entitled to interpose the defense and claim set forth in his further answer and cross-complaint.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Section 60 of our Civil Code (Mill's), section 66, Revised Code 1908, provides that sham and irrelevant answers and defenses may be stricken on motion. Here then is authority to strike an answer which is irrelevant, and the question raised by the motion is not whether the pleading, to which it was directed, stated a cause of action, but whether the facts, therein alleged, were relevant to the cause stated in the complaint. It was therefore proper to raise this question by motion to strike,

and not by demurrer; and the important point is whether the further answer, cross-complaint and counterclaim was relevant to the cause of action, to which it was interposed as a defense.

Counsel for defendant contend that the action by plaintiff has a double aspect in that it is to remove a cloud upon title and cancel a contract, which it is asserted, constitutes such cloud. This is not entirely accurate. According to the complaint, plaintiff is 'the owner and in possession of the ranch. The purpose of his action is to secure a decree declaring that defendants have no interest in the ranch by virtue of a contract of record executed by Morris without authority, which is a cloud upon his title. Lewis, by his pleading, under consideration, puts the averment of the want of authority of Morris to execute the contract in issue; avers notification to plaintiff, that he was able and willing to perform it; alleges that he never tendered specific performance because it was clear that to do so would be idle, and that he was thereby deprived of his bargain to his damage in the sum of ten thousand dollars, for which he prays an equitable lien on the premises, or that a decree cancelling the contract be made conditional upon plaintiff paying him that sum. In brief, this pleading avers that plaintiff is bound by the contract, but treats it as breached, and claims unliquidated damages in the sum of ten thousand dollars on account of the failure of plaintiff to abide by his contract, which sum defendant asks to be decreed an equitable lien on the ranch.

The contract purported to give defendant the right to consummate a purchase, upon terms therein specified, but he has abandoned that right and counts upon damages for its breach. Consequently, the contract, with respect to specific performance, is no longer in force. It does not give Lewis any lien for damages for a breach

and the only right defendant now has, under the con-
tract, according to the averments of his pleading, is an
action for damages, which he attempts to assert in a
suit by Weitbrec, to have it removed as a cloud upon his
title. He bases this right upon the averment that plain-
tiff is bound by the contract, but this does not entitle
him to any interest in the ranch under the contract. In
an action to remove a cloud upon title, the defendant, by
his answer, must state facts from which it appears that
he has an interest in the property involved by virtue
of the instrument which it is alleged constitutes a cloud,
and not merely a right to a personal action against the
plaintiff under such instrument, otherwise his pleading
is irrelevant, and under the provisions of the code to
which we have referred, may be stricken.

The case is no different from what it would have
been, so far as any question in this case is involved, had
plaintiff merely averred in his complaint that he was
the owner and in possession of the ranch; that defendant
claimed an interest therein adverse to plaintiff, which
was without foundation, and defendant, in his answer,
had set up the execution of the contract; its breach by
plaintiff; that specific performance had not been ten-
dered because plaintiff had refused to recognize the con-
tract, and defendant had claimed damages for its breach.
Clearly, such an answer would not have exhibited any in-
terest of defendant in the premises and would have been
irrelevant.

Summarized, the action by plaintiff was to obtain
a decree, declaring that defendants were not entitled
to any interest in the premises by virtue of the contract
executed by Morris. Lewis, by his pleading, discloses
that he has no interest in the ranch under this contract,
but counts on damages for its breach. This cannot oper-
ate to defeat the right of plaintiff to a decree to the

effect that Lewis was without interest in the premises by
virtue of the contract. With respect to a cross-complaint
and counterclaim, the law, as applicable to the case at
bar, bearing in mind its nature and purpose, is that it
must state a caues of action from which it appears that
defendant is entitled to such affrmative relief against the
plaintiff as will defeat his right, either in whole or in
part, to have the cloud upon his title removed.—Bliss
on Code Pleading, sec. 386, 387; *Mattoon v. Baker,* 24
How. Pr. Rep. 329; *Osmers v. Furey,* 32 Mont. 581, 81
Pac. 345; *Meyer v. Quiggle,* 140 Calif. 495, 74 Pac. 40.

The judgment of the District Court is affirmed, but
in so doing, we do not hold that defendant, Lewis, may
not have an action for damages. That question is not
involved, and as stated in the decree of the trial court,
the right of Lewis and Morris, or either of them, to
maintain an action on a plain money demand against the
plaintiff, growing out of the transaction set out in the
pleadings, is not intended to be, and is not determined.

*Judgment affirmed.*

Mr. CHIEF JUSTICE MUSSER and Mr. JUSTICE BAILEY
concur.