DAY, Appellant, *v.* KELLY, Respondent.

(No. 3,468.)

(Submitted February 8, 1915. Decided February 23, 1915.)

[146 Pac. 930.]

*Personal Injuries—Highways—Automobiles—Contributory Negligence—Admissions—Inconsistent Defenses—Pleading and Practice—Nonsuit.*

Personal Injuries—Negligence—Failure of Proof—Nonsuit.
1. In an action for damages for personal injuries sustained in a runaway alleged to have been caused by defendant's negligence in driving an automobile toward plaintiff after discovering that his horse had become frightened, in failing to turn out of the road, and in causing or permitting the machine to make very loud and unusual noises, a nonsuit was properly granted where plaintiff's own evidence showed that the horse was well broken and accustomed to automobiles, and where no evidence was offered that the noises from the automobile were caused by any act of defendant or that, by the exercise of the highest possible degree of care, they could have been prevented.

[As to rule that mere scintilla of evidence is sufficient to justify submission of cause to jury, see note in Ann. Cas. 1914B, 472.]

Same—Pleading—Contributory Negligence—Admissions.
2. Where, in a personal injury action, the answer contains a general or specific denial of the allegations of negligence stated in the complaint, the affirmative plea that plaintiff was guilty of contributory negligence does not confess the truth of the acts of negligence set forth in the complaint, on the theory that contributory negligence presupposes negligence on the part of defendant.

Same—Pleading—Inconsistent Defenses.
3. A defendant may plead inconsistent defenses, so long as the inconsistency is not so marked that, if the facts stated in one be true, those stated in the other must of necessity be false.

[As to rule that alternative allegations in pleadings neutralize each other, see note in Ann. Cas. 1914A, 1239.]

*Appeal from District Court, Deer Lodge County; Geo. B. Winston, Judge.*

Action by Artemus Day against Bertha Kelly. From a judgment of nonsuit, plaintiff appeals. Affirmed.

*Mr. Thos. P. Stewart* and *Messrs. Maury, Templeman & Davies,* for Appellant, submitted a brief; *Mr. John F. Davies* argued the cause orally.

Appellant contends that under the issues as framed by the pleadings, the defendant admitted that she was negligent in the

form and manner set out in plaintiff's complaint. The first af-
firmative defense set out by the defendant in her answer is a
plea of contributory negligence. In Montana the plea of con-
tributory negligence is a plea in confession and avoidance. It
has been so held on several occasions and it has been generally
so accepted. (*Birsch* v. *Citizens' Electric Co.,* 36 Mont. 574, 93
Pac. 940; *Nilson* v. *City of Kalispell,* 47 Mont. 416, 132 Pac.
1133.) If actionable negligence, therefore, is admitted by the
defendant, it was not necessary for the plaintiff to introduce
any evidence upon that issue, and the court was in error in
granting an nonsuit in this case. That the first affirmative de-
fense set out in defendant's answer is a plea of contributory
negligence and filed and intended by the defendant as such, can
scarcely be doubted; and under the decisions of this court it cer-
tainly is a plea of contributory negligence. (*Molt* v. *Northern
Pac. Ry. Co.,* 44 Mont. 471, 120 Pac. 809; *Gleason* v. *Missouri
River Power Co.,* 42 Mont. 238, 112 Pac. 394.)

The law governing this case is found in sections 1420, 1427
and 1430, Revised Codes. We contend that a court cannot say
as a matter of law that the defendant was not negligent in
driving her machine some seventy-five or eighty feet directly
toward the plaintiff after seeing that the horses which the plain-
tiff was driving were frightened by her machine, under the law
as laid down in sections 1427 and 1430, *supra.* The defendant
in keeping in the center of the road and in failing to turn to the
right was negligent as a matter of law (sec. 1430), and a court
cannot, as a matter of law, say that this negligence was not a
proximate cause of plaintiff's injuries. When the defendant
stopped her machine she caused it to give very loud and unusual
noises, and a court cannot say as a matter of law that this act
on the part of the defendant was not a negligent act. (See
Babbitt on the Law Applied to Motor Vehicles, secs. 287 and
906, and cases therein cited; *House* v. *Cramer,* 134 Iowa, 377, 13
Ann. Cas. 461, 10 L. R. A. (n. s.) 655, 112 N. W. 3; *Tudor* v.
*Bowen,* 152 N. C. 441, 136 Am. St. Rep. 836, 21 Ann. Cas. 646,
67 S. E. 1015.)

*Messrs. Rodgers & Rodgers,* for Respondent, submitted. a brief; *Mr. W. B. Rodgers* argued the cause orally.

The evidence in this case does not disclose that the defendant did anything which a reasonable person ought to have anticipated would cause injury to plaintiff or to anyone else. On the contrary, it discloses that she was doing everything possible to prevent any occurrence of the kind. All that the defendant did was to stop her machine. This she did for the benefit of the plaintiff. There is no evidence to show that she stopped it negligently. Neither is there any evidence to show that a reasonable person would have anticipated that an explosion would be caused by the stopping of the machine, or that if it were caused it would injure in the least the plaintiff, riding a well-broken, gentle, tractable horse, accustomed to automobiles. Without evidence of this character to support this conclusion, it cannot be said that anything the defendant did, or caused to be done, was the proximate cause of any injury to the plaintiff. (1 Thompson's Commentaries on the Law of Negligence, secs. 28, 50; *Rysdorf* v. *George Pankratz Lumber Co.,* 95 Wis. 622, 70 N. W. 677; *Morey* v. *Lake Superior Terminal etc. Co.,* 125 Wis. 148, 12 L. R. A. (n. s.) 221, 103 N. W. 271.) Plaintiff and the defendant were in the exercise of an equal right upon the public highway; both had a right to travel thereon, and their standard of duty was reasonable care toward each other. Their rights and duties were reciprocal and correlative. The evidence discloses that the defendant not only used reasonable care, but used the highest degree of care attainable to prevent injury, inconvenience or annoyance to the plaintiff. (*Fletcher* v. *Dixon,* 107 Md. 420, 68 Atl. 875; *Macomber* v. *Nichols,* 34 Mich. 212, 22 Am. Rep. 522; *Sapp* v. *Hunter,* 134 Mo. App. 685, 115 S. W. 463.)

Contributory negligence may properly be pleaded hypothetically, as pleaded in this case, and such a plea does not admit the negligence charged in plaintiff's complaint as a fact, and relieve the plaintiff of the necessity of proving the same upon the trial, where both the general issue and the plea of contributory negligence are pleaded, as in this case. (See *Leavenworth Light*

& Heating Co. v. Waller, 65 Kan. 514, 70 Pac. 365; Urquhart v. Powell, 54 Ga. 29; McKasy v. Huber, 65 Minn. 9, 67 N. W. 650; Eppinger v. Kendrick, 114 Cal. 620, 46 Pac. 613; McDonald v. American Mortgage Co., 17 Or. 626, 21 Pac. 883; Veasey v. Humphreys, 27 Or. 515, 41 Pac. 8; Nunnemacker v. Johnson, 38 Minn. 390, 38 N. W. 351; Ketcham v. Zerega, 1 E. D. Smith (N. Y.), 560; Willard v. Giles, 24 Wis. 319, 323; Leary v. Anaconda Copper Min. Co., 36 Mont. 157, 92 Pac. 477.)

A plea of contributory negligence, directly pleaded, joined with a general denial, if it admits at all, admits or presupposes negligence on the part of the defendant as an implication of law. This implication is for the purposes of the plea only, and not for any other purpose. It does not admit the negligent acts charged against defendant in plaintiff's complaint; it never admits negligence as a fact; it does not in any way destroy the effect of a denial by the defendant of the negligent acts alleged in the complaint, nor relieve the plaintiff from the necessity of making out his case by proving the acts of negligence as charged.

Under Code provisions like ours there is no conflict in the decisions upon this point. Nor is there any just ground for asserting that a different rule existed at the common law. (Clemens v. St. Louis & S. F. R. Co., 35 Okl. 667, 131 Pac. 169; Jackson v. Natchez, 114 La. 981, 108 Am. St. Rep. 366, 70 L. R. A. 294, 38 South. 701; Bomar v. Louisiana etc. R. Co., 42 La. Ann. 1206, 9 South. 244; Grace v. Newbre, 31 Wis. 19, 24; Pavey v. Pavey, 30 Ohio St. 600; Ramm v. Galveston H. & S. A. Ry. Co. (Tex. Civ. App.), 92 S. W. 426; Louisville & N. R. Co. v. Pearce, 142 Ala. 680, 39 South. 72; Kline v. Hanke, 14 Mont. 361, 36 Pac. 454; Irwin v. Holbrook, 32 Wash. 349, 73 Pac. 360; Davis v. Seattle Nat. Bank, 19 Wash. 65, 52 Pac. 526; Bell v. Brown, 22 Cal. 671; Treadway v. Sioux City etc. Ry. Co., 40 Iowa, 526.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On April 30, 1911, plaintiff was riding on horseback driving loose horses along the public road, when he met an automobile

driven by defendant. His riding horse became frightened, reared and fell, crushing one of plaintiff's feet and otherwise injuring him. He brought this action to recover damages, and in his complaint charged the defendant with negligence (a) in driving the automobile toward him after she discovered that his horses had become frightened; (b) in failing to turn out of the road; and (c) in causing or permitting the machine to make very loud and unusual noises. Issues were joined, and the cause was brought to trial. At the close of plaintiff's testimony the court sustained a motion for nonsuit, and judgment was entered in favor of defendant. From that judgment, plaintiff appealed.

1. Of the three grounds of negligence charged, the first and second were entirely eliminated upon the trial by the testimony **[1]** of plaintiff himself, to the effect that his riding horse was well broken, accustomed to automobiles, that he could safely ride him within five feet of one, and that it was the loud and unusual sound emitted from the machine which caused his riding horse to plunge and fall, with the resulting injury to plaintiff. No evidence was offered tending to show that the noise from the machine was caused by any act of defendant, or that by the exercise of the highest possible degree of care she could have prevented it. Under these circumstances the trial court correctly held that plaintiff had failed to make out a *prima facie* case.

2. Counsel for appellant contend that the affirmative defense of contributory negligence pleaded in the answer confessed the **[2]** negligence alleged in the complaint, and released the plaintiff from the burden of proving actionable negligence on the part of defendant. But for the earnest insistence of counsel that support for their view is to be found in the decisions of this court, the contention would scarcely merit serious consideration. In *Wastl* v. *Montana Union Ry Co.*, 24 Mont. 159, 61 Pac. 9, this court quoted approvingly the definition of contributory negligence from Beach on Contributory Negligence, section 7, and from the analysis of a like definition by Thompson, from Thompson on Negligence, section 3, page 1148, and then said: "The

principle embodied in these definitions is that, in order that there may be any contributory negligence on plaintiff's part, there must be negligence also on the part of the defendant having a direct and proximate causal relation to the injury." In *Birsch* v. *Citizens' El. Co.*, 36 Mont. 574, 93 Pac. 940, we said: "Contributory negligence on the part of plaintiff presupposes negligence on the part of the defendant." Again, in *Nilson* v. *City of Kalispell,* 47 Mont. 416, 132 Pac. 1133, we said: "The very charge now made by the city that the plaintiff was guilty of contributory negligence presupposes actionable negligence on the city's part." And it is by these statements of an axiom of law that this court is now sought to be committed to the doctrine that a plea of contributory negligence confesses the truth of particular allegations of negligence stated in the complaint, notwithstanding the answer also contains a general or specific denial of those allegations. We have employed the phrase "axiom of law" advisedly. The declaration, "contributory negligence on the part of plaintiff presupposes negligence on the part of defendant," does not require the citation of authority to support it or admit of proof of its correctness. It is a self-evident truth, but one which does not bear the remotest relationship to the question now for the first time pressed upon the attention of this court. Whether phrased in the elegant diction of the answer now before us, or not, the plea of contributory negligence, when coupled with a denial, is always hypothetical in effect, if not in form, and amounts to no more than this: I deny absolutely that I am guilty of negligence; but assuming, without admitting it, that some act of mine was negligent in character and proximately contributed to plaintiff's injury, nevertheless plaintiff's negligent acts united with my act to produce the injury, and without which the injury would not have occurred. To hold that such a plea admits the truth of the allegations of specific acts of negligence in the complaint would revolutionize the rules of pleading in vogue in states employing the Code system, as here. If it be assumed, for the purposes of this argument, that the defenses of general denial and contributory negligence are verbally incon-

sistent, they are not so inconsistent as to fall under the ban of the rule implied from the fact that our pleadings are required **[3]** to be verified. A defendant may plead inconsistent defenses, so long as the inconsistency is not so marked that, if the facts stated in one be true, the facts stated in the other must of necessity be false. (*Johnson* v. *Butte & Superior C. Co.,* 41 Mont. 158, 48 L. R. A. (n. s.) 938, 108 Pac. 1057; *O'Donnell* v. *City of Butte,* 44 Mont. 97, 119 Pac. 281.) This is the meaning of section 6549, Revised Codes, which provides: "A defendant may set forth, in his answer, as many defenses or counterclaims, or both, as he has, whether they are such as were formerly denominated legal or equitable" (*Kline* v. *Hanke,* 14 Mont. 361, 36 Pac. 454; *Ball* v. *Gussenhoven,* 29 Mont. 321, 74 Pac. 871), and is the uniform rule of Code pleading. (Phillips on Code Pleading, secs. 262–266; Bliss on Code Pleading, secs. 340–344; 1 Sutherland, Code Pleading and Practice, sec. 466; Boone on Code Pleading, sec. 78.)

Counsel for appellant have not referred to any authority sustaining their position, while the courts and text-writers are practically unanimous in holding against them. In 29 Cyc. 582 the rule is stated as follows: "A general denial and plea of contributory negligence do not constitute inconsistent defenses and they may be pleaded together, and negligence on the part of defendant is not admitted by a plea of contributory negligence following a general denial."

"While a denial of negligence and an allegation of contributory negligence are verbally inconsistent, they are not so in practice, and a defendant need not elect between the two defenses; nor does the plea of contributory negligence, when properly pleaded, admit the negligence as charged in the petition." (6 Current Law, 768.)

In 1 Thompson on the Law of Negligence, section 390, it is said: "In Louisiana it is held that a plea of contributory negligence admits an issue of negligence on the defendant's part. But if this means that a plea of contributory negligence is in the nature of a plea of confession and avoidance, admitting the

negligence of the defendant, and avoiding it by showing that the plaintiff was also negligent, then it is unsound and incorrect, unless in a special application to rules of pleading peculiar to particular states. The pleading of contributory negligence as a special defense is not inconsistent with a denial of the negligence of the defendant. The rule of the modern Codes which forbids the pleading of inconsistent defenses is therefore not violated by the defendant denying his own negligence and setting up the negligence of the plaintiff. Hence the defendant cannot be required to elect between two separate paragraphs of his answer, one of which denies any negligence on his part, while the other sets up contributory negligence on the part of the plaintiff. A defendant may, therefore, both traverse the complaint and plead contributory negligence.'' In his criticism of the Louisiana court, Judge Thompson cites *Bomar* v. *Louisville N. R. R. Co.*, 42 La. Ann. 983, 8 South. 478. That the learned author, as well as others, misconstrued the meaning of the language employed by the court, is evidenced by the opinion on application for rehearing, in which the court said: ''We discuss this application only for the purpose of correcting a very grave misconstruction of our opinion into which counsel has fallen. We have not held, and we are far from holding, that the plea of contributory negligence by a defendant sued for negligence operates an admission of the negligence charged; nor does the language of our opinion admit of any such construction. We said: 'In alleging contributory negligence, defendant admits that there is an issue of negligence between it and the plaintiff, not between plaintiff and a third party.' The admission that there is an issue of negligence is very different from, and indeed contradictory of, an admission of the negligence itself, which latter admission would eliminate and destroy the issue of negligence.'' (*Bomar* v. *Louisville N. R. R. Co.*, 42 La. Ann. 1206, 9 South. 244.)

The decided cases likewise are agreed upon the rule as stated in the foregoing texts: *Leavenworth L. & H. Co.* v. *Waller*, 65 Kan. 514, 70 Pac. 365; *Louisville N. R. R. Co.* v. *Hall*, 87 Ala. 708, 13 Am. St. Rep. 84, 4 L. R. A. 710, 6 South. 277; *Clemens* v.

*St. Louis & S. F. R. Co.*, 35 Okl. 667, 131 Pac. 169; *Jackson* v.
*Natchez*, 114 La. 981, 108 Am. St. Rep. 366, 70 L. R. A. 294, 38
South. 701; *McDonald* v. *Montgomery St. Ry. Co.*, 110 Ala. 161,
20 South. 317; *Pugh* v. *Oregon Imp. Co.*, 14 Wash. 331, 44 Pac.
547, 689; *Kimble* v. *Stackpole*, 60 Wash. 35, 35 L. R. A. (n. s.)
148, 110 Pac. 677; *Weingartner* v. *Louisville N. R. R. Co.*, 19 Ky.
Law Rep. 1023 (42 S. W. 839).

In contemplation of law, a demurrer admits every allegation
of the complaint well pleaded; but after answer, containing a
general denial, no one would have the hardihood to offer the
demurrer as evidence that defendant had admitted the facts
stated in the complaint to be true. The demurrer admits the
allegations of the complaint only for the purposes of the de-
murrer, and the plea of contributory negligence by implication
of law admits negligence on the part of the defendant, but only
for the purposes of the plea. It does not admit the truth of
the allegations of particular acts constituting negligence, or re-
lieve the plaintiff from the burden of proof upon the issue of
negligence.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.

(Submitted February 8, 1915. Decided February 23, 1915.)