[L. A. No. 2860. In Bank.—August 3, 1912.]

## C. H. HALL, Respondent, v. WESLEY CLARK, Appellant.

NEGLIGENCE—INJURY TO EMPLOYEE—FOLLOWING OBVIOUSLY DANGEROUS DIRECTION OF EMPLOYER.—Both prior and under the amendment of 1907 to section 1970 of the Civil Code, an employee is not warranted in following the direction of his employer, except where he acts under what under the law amounts to duress or coercion, where the danger to be encountered in doing so is at once so obvious and so serious that no ordinarily prudent person of similar age and experience, situated as was the employee, would have obeyed the order, and if he receives personal injuries by reason of following such directions he cannot recover damages therefor from his employer.

ID.—QUESTION OF CONTRIBUTORY NEGLIGENCE AND ASSUMPTION OF RISK IN FOLLOWING DIRECTION WHEN ONE OF LAW.—While the question whether the situation is such under the evidence as to compel the application of such rule is ordinarily one for the jury, rather than one of pure law for the court, there are cases where the admitted facts are such that but one conclusion can reasonably be arrived at therefrom, and the question is then one of law for the court.

ID.—DRIVING TEAM OVER EMBANKMENT.—Under the rules as to contributory negligence and assumption of risk as they were in this state at the time of the accident in question, it must be held, as matter of law, that an experienced teamster of mature years, who, in compliance with the directions of the foreman of his employer, deliberately drove his team and empty gravel wagon, on which he was riding, over the edge of a precipitous embankment three and a half or four feet deep, when he had actual knowledge of such conditions and was not acting under such circumstances as would warrant a conclusion that he was acting under coercion or duress, is precluded from recovering for any personal injuries occasioned him, both by reason of his contributory negligence and voluntary assumption of risk.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. George E. Church, Judge presiding.

The facts are stated in the opinion of the court.

Anderson & Anderson, and Gibson, Trask, Dunn & Crutcher, for Appellant.

E. B. Drake, for Respondent.

THE COURT.—In an action for damages for personal injuries, plaintiff had verdict for eighteen hundred dollars, and judgment was given him for that amount. This is an appeal by defendant from such judgment and from an order denying his motion for a new trial.

Substantially, the case made by the complaint was as follows: Plaintiff was in the employ of one Crandall, a contractor, as a teamster, and was in charge of a three-mule gravel wagon of Crandall. Under a contract with Crandall, defendant had charge and control of plaintiff and his mule team and wagon, using them in making an excavation in a lot of land on the corner of Pico Street and Vermont Avenue in the city of Los Angeles. While plaintiff was engaged in this work, on May 14, 1909, he was negligently directed and required by defendant's foreman, in charge of the work, to drive said team and wagon into said excavation, which was about four feet deep, and by reason of obeying said order, the wagon became uncoupled and its bed fell upon him, causing the injuries for which compensation is claimed. At the time the said foreman directed him to drive into said excavation, plaintiff, by reason of his inexperience in such work, did not fully understand, comprehend, and appreciate the danger of so doing, while said foreman, by reason of his long experience in such business, did realize and know such danger. The answer of defendant denied the allegations of the complaint and set up the defense of contributory negligence on the part of plaintiff.

While it is suggested by appellant that the complaint does not state facts sufficient to constitute a cause of action, that point is not pressed. It is earnestly claimed, however, that the evidence is not sufficient to sustain the verdict, in that it shows as matter of law that plaintiff either was guilty of contributory negligence, or assumed the risk of injury in doing the act resulting in the accident.

Plaintiff was twenty-six years of age, and testified that he had driven a team all his life, practically, hauling wood, rock, and sand, handling a horse and wagon, and that he knew pretty well about horses and wagons, on good roads, but that he had only about two weeks' experience in excavating. The dimensions of the excavation where he was working at the time of the accident were 57x84 feet. His duty was to drive

his team into this excavation, there help load his wagon with earth, and drive out with his load. A driveway or "runway" into the excavation existed, along which the wagons could safely be taken down. Plaintiff's wagon was what was called a "patent gravel wagon" with four wheels. There was a front running gear and a king bolt which held the front gear to the remainder of the wagon. The wagon was not over ten feet long exclusive of the pole. The three mules were worked abreast. Plaintiff had worked at this place for three days before the accident. According to his testimony, the accident occurred as follows: Seated on his empty wagon he was about to drive into the excavation by a runway on the easterly side of the excavation, when defendant's foreman told him to drive around to a place on the southerly side. When he reached that place, the foreman told him that there was the place he wanted him to drive down. He said that there was no runway, no "slanting place" there, but "just a straight embankment," three and a half or four feet deep. "It was almost straight up and down." He stopped his team and asked the foreman, "Where—off here?" The foreman answered, "yes." He said, "I can't drive off there." The foreman asked him "why?", and he said, "it will hurt the mules." The foreman answered, "never mind that. That is where I want the wagon over there." Thereupon he drove over the edge. Two of the mules were "almost wild," and "did not need any persuading to make them go." The mules "jumped off," the front gear of the wagon very naturally dropped down when the wheels thereof no longer had earth upon which to rest, and in some way became uncoupled from the rest of the wagon, which followed the front gear over the edge, the plaintiff jumped from his seat, and the wagon turned over, pinning him to the ground and breaking one of his legs. He further testified, "I didn't consider it was a dangerous place if the foreman instructed me to drive in it. I relied on him and his direction." Plaintiff's testimony was corroborated as to the direction given him by the foreman by two witnesses.

On the part of the defendant there were several witnesses, including the foreman. Their evidence was to the effect that no such direction was ever given to the plaintiff as was testified to by him and his witnesses—that, in fact, plaintiff was

proceeding to drive into the excavation near a driveway, when the foreman called to him "come around the corner and go into the driveway straight," and he answered "this is all right," and went on down into the excavation, with the result already stated. So far as the number of witnesses at least was concerned, the preponderance of testimony on that point was with defendant. In view of the verdict of the jury, however, we must accept, as true, the testimony of plaintiff and his witnesses in regard to the matter of direction by the foreman, and have stated the substance of the evidence given in behalf of the defendant solely to show that there was nothing therein to support a conclusion in favor of plaintiff. The verdict must find its whole support in the testimony of plaintiff and his witnesses, the material parts of which we have stated.

For the purposes of this appeal, we have, then, a case in which the plaintiff, an adult and a teamster of experience, in obedience to the direction of the defendant's foreman in charge, deliberately drove his three-mule team and empty gravel wagon over the edge of an excavation at a point where the side of the excavation was practically perpendicular and from three and a half to four feet high, when he actually had knowledge of these conditions and was not acting under such circumstances as would warrant a conclusion that he was acting under coercion or duress.

It is thoroughly settled that an employee is not warranted in following the direction of an employer, except where he acts under what under the law amounts to duress or coercion, where the danger to be encountered in doing so is at once so obvious and so serious that no ordinarily prudent person of similar age and experience, situated as was the employee, would have obeyed the order, and that where the rules as to contributory negligence and assumption of risk are such as they were in this state at the time of this accident, the employee receiving personal injuries by reason of following such direction cannot recover damages therefor from his employer. (See 1 Labatt on Master & Servant, sec. 442.) It is not disputed by counsel for plaintiff that this was the law in this state prior to the amendment of section 1970 of the Civil Code, in 1907, [Stats. 1907, p. 119], by which the legislature added to that section, among other things, a provision that knowl-

edge by an employee injured of the defective or unsafe character of any machinery, etc., shall not be a bar to recovery for any injury caused thereby, unless it shall also appear that such employee "fully understood, comprehended and appreciated the dangers incident to the use of" the same. This amendment did not change the rule we have stated. If the danger is so obvious and serious that no ordinarily prudent person of similar age and experience, situated as was the employee, would have done the act, even though ordered by his employers to do it, it is manifest that the situation is such that the employee will not be heard to say that he did not fully understand, comprehend, and appreciate the danger incident to the doing of the act. As said by this court in *Limberg* v. *Glenwood Lumber Co.*, 127 Cal. 598, 600, [49 L. R. A. 33, 60 Pac. 176, 177]: "He cannot be allowed to close his eyes to the danger, and thereafter say, 'I did not know it was dangerous.'" We are cited to no case and know of none that is opposed to the view we have stated above.

While the question whether the situation is such under the evidence as to compel the application of this rule is ordinarily one for the jury, rather than one of pure law for the court, there are cases where the admitted facts are such that but one conclusion can reasonably be arrived at therefrom, and the question is one of law for the court. For instance, if an adult employee of ordinary intelligence was told to drive his team over a perpendicular embankment ten or twelve feet high, and he, with full knowledge of these conditions, voluntarily obeyed and thereby received injuries, no one would be bold enough to suggest that a verdict of a jury awarding him damages therefor could be upheld by the courts, if properly brought in question. It would be held, as matter of law, that the situation was such that he was precluded from recovery, both by reason of contributory negligence and voluntary assumption of risk. The physical facts actually known to him would be such that his mere statement that he did not consider it a dangerous place and that he relied on the person directing him would be ineffectual for any purpose. By reason of his admitted knowledge of all the facts, no other conclusion would be possible than that he fully understood, comprehended, and appreciated the danger incident to the act. While here, according to plaintiff's testimony, there was a

difference in the height of the embankment from that spoken of in the illustration just made, the difference is not so great, in our judgment, as to affect the legal situation. We think the admitted facts of this case are such as to bring it within the rule we have already stated. They are such as to require the conclusion as matter of law that the plaintiff was guilty of contributory negligence in obeying the order that he testified was given to him by the foreman. The case is not to be distinguished in its material facts from *Lindsey* v. *Hollerback etc. Co.*, 29 Ky. Law. Rep. 68, 92 S. W. 294, 4 L. R. A. (N. S.) 830. No case has been cited by learned counsel for plaintiff that appears to us to support a contrary conclusion. The nearest case in point among those cited by him is that of *Haley* v. *Case et al.*, 142 Mass. 316, [7 N. E. 877]. But it appears to us that there were facts in that case which might reasonably be held to take it out of the operation of the rule that we have enunciated. The court in that case recognized the rule to be as we have stated it, saying: "As the plaintiff was of full age, and an experienced teamster, if the danger of driving the horses, with the van under the gateway was well known to him, he cannot recover, although he was acting under the immediate personal direction of Dodge. The fear of the plaintiff that he would be discharged from his employment, if he did not obey the orders of Dodge, his employer, would not justify him in running a risk which was well known to him, and then, if injured, in recovering damages from his employer."

In view of our conclusion on this point, it is unnecessary to consider any of the other points discussed in the briefs.

The judgment and order denying a motion for a new trial are reversed.