[Civ. No. 2883. First Appellate District, Division Two.—July 11, 1919.]

WILLIAM H. LEMMERMANN, Appellant, v. POPE & TALBOT (a Corporation), Respondent.

[1] NONSUIT—EVIDENCE.—A court may grant a nonsuit only when, disregarding conflicting evidence and giving to plaintiff's evidence all the value to which it is legally entitled, herein indulging in every legitimate inference which may be drawn from that evidence, the result is a determination that there is no evidence of sufficient substantiality to support a verdict in favor of plaintiff if such a verdict is given.

[2] NEGLIGENCE—FOLLOWING DIRECTION OF EMPLOYER—OBVIOUS DANGER.—An employee is not warranted in following the direction of an employer, except where he acts under what under the law amounts to duress or coercion, where the danger to be encountered in doing so is at once so obvious and so serious that no ordinarily prudent person of similar age and experience, situated as was the employee, would have obeyed the order.

---

2. Servant's assumption of risk in obeying orders to perform obviously dangerous work, note, 4 L. R. A. (N. S.) 830.

Effect of master's assurance as to obvious dangers of employment, note, 4 L. R. A. (N. S.) 971.

[3] ID.—INJURY TO LUMBER-YARD EMPLOYEE—KNOWLEDGE OF RISK—
ERRONEOUS JUDGMENT—NONSUIT.—In this action for damages for
personal injuries received in attempting to get down from a pile
of lumber by sliding down a plank instead of either climbing down
or jumping to another lower pile and then down, the plaintiff,
having been a man of experience in lumber-yards, must have
known the risk assumed in the method of transportation which he
adopted, and though he chose that method because he deemed it
safer, the defendant was not responsible for such erroneous
judgment; therefore, the trial court properly granted a nonsuit.

APPEAL from a judgment of nonsuit of the Superior
Court of the City and County of San Francisco.   Geo. A.
Sturtevant, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Sullivan & Sullivan and Theo. J. Roche for Appellant.

Walter H. Linforth for Respondent.

HAVEN, J.—Plaintiff appeals from a judgment of non-
suit rendered upon motion of the defendant at the close of
the trial.

[1] It is settled law in this state "that a court may
grant a nonsuit only when, disregarding conflicting evidence
and giving to plaintiff's evidence all the value to which it is
legally entitled, herein indulging in every legitimate infer-
ence which may be drawn from that evidence, the result is
a determination that there is no evidence of sufficient sub-
stantiality to support a verdict in favor of plaintiff if such a
verdict were given." (*Perera* v. *Panama-Pacific Int. Exp.
Co.*, 179 Cal. 63, [175 Pac. 454]; *Estate of Caspar*, 172
Cal. 147, [155 Pac. 631].)   The question presented by the
appeal is whether or not the facts disclosed by the evidence
brought this case within the rule above stated.

The suit was for the recovery of damages resulting from
personal injuries received by plaintiff while employed as a
clerk's helper in the lumber-yard of defendant, in which
business he had been engaged for about four years prior
to the accident.   In the course of his employment he was
ordered by the foreman in the lumber-yard to help a cer-
tain tally clerk, named Lynch, who is designated by plain-
tiff as his "co-laborer," in moving lumber from a pile upon

42 Cal. App.—13

which Lynch was standing to an adjacent wagon. Plaintiff testified that this pile was about nine feet high. The pieces of lumber forming the same were not of uniform length, and, when piled, left uneven projections at the rear of the pile. Upon receiving instructions to report to Mr. Lynch, plaintiff climbed up the rear end of the pile. He testified that he took that as "the best way to get up." The wagon, which was being loaded, was standing at a distance of five feet from the lumber pile upon which Lynch and the plaintiff stood. Between that pile and the wagon was a smaller pile of lumber about three feet in height and four feet in width. At the time of the accident the lumber on the wagon had been piled to a distance of four feet from the ground. The driver of the wagon desired assistance in placing the lumber on his wagon, and Lynch instructed plaintiff to go to the wagon for that purpose. A plank of lumber three inches thick, twelve inches wide, and sixteen feet long had been placed across the top of the pile of lumber and the lumber upon the wagon, extending beyond both the pile and the wagon. Plaintiff testified that, when Lynch told him to go down and help the teamster, he walked to the rear of the pile with the intention of going down the same way that he had come up, but just then there was a crane coming over with a load of lumber, which temporarily interfered with his descent. On that account he walked back to Lynch and waited a few minutes, when the latter drove a lumber-hook into the plank and grabbing hold of it said, "Go ahead down, and I will hold the plank." In response to that request, and while the plank at the upper end was so held by Lynch, and with no one holding the lower end thereof, plaintiff sat upon the plank and shoved himself down with his hands. When he was between the lumber pile and the wagon the plank slipped out of Lynch's grasp and fell, precipitating plaintiff to the ground and causing his injuries. Asked why he attempted to slide down the plank instead of returning to the ground in the same manner in which he had come up, or instead of jumping from the piled lumber upon which he was standing to the smaller pile nearer the wagon, plaintiff stated that he did so because he had orders to go down the plank, and that it looked safer to him "to slide down that plank than to drop down

four or five or six feet in the way that you have indicated to the four-foot pile below.''

The charge of defendant's negligence in the complaint is, first, the order from defendant, through Lynch, to plaintiff to go from the lumber pile to the wagon by means of the plank; and, secondly, that ''said Daniel Lynch negligently and carelessly failed and neglected to maintain a firm hold upon said plank by means of his said hand and said lumber-hook which he then and there held in his other hand, and by reason thereof said plank upon which said plaintiff was located, as aforesaid, slipped and slid along the top of said pile of lumber on said wagon, then and there causing said plaintiff to fall off and from said plank and with great force and violence upon the ground, inflicting upon him severe personal injuries.''

The answer denied the essential allegations of the complaint and pleaded the following affirmative defense: ''That the accident to the plaintiff, referred to in said complaint, was caused and brought about solely by and through the negligence of the plaintiff in attempting to get down from the said pile of lumber, by means of the plank referred to in said complaint, instead of climbing down from said pile of lumber at either end thereof, or by jumping therefrom to the lumber pile on the wagon, referred to in said complaint. That plaintiff was not ordered or directed by defendant to get down from said pile of lumber by means of said plank, but voluntarily and of his own motion adopted said plank as the way and means of getting down from said pile of lumber, and his said carelessness and negligence in so doing was the sole and proximate cause of said accident, and any injuries which resulted to him therefrom.''

Assuming that Lynch represented the defendant in ordering plaintiff to slide down the plank, such order did not compel plaintiff to adopt that method of transportation to the wagon. The danger of the course adopted being equally apparent to the plaintiff and to Lynch, the latter's order did not excuse the plaintiff from negligence, unless it amounted to coercion or duress on the part of Lynch, of which there was no proof. In *Hall* v. *Clark*, 163 Cal. 392, 395, [125 Pac. 1047, 1049], it is said: [2] ''It is thoroughly settled that an employee is not warranted in following the direction of an employer, except where he acts under what

under the law amounts to duress or coercion, where the danger to be encountered in doing so is at once so obvious and so serious that no ordinarily prudent person of similar age and experience, situated as was the employee, would have obeyed the order." There can be no question but that plaintiff could have adopted other and safer methods than the plank of proceeding from the lumber pile to the wagon. Under those circumstances, the order of Lynch cannot be said to have been the cause of the accident.

The failure of Lynch to maintain a firm hold upon the plank is the only remaining charge of negligence against the defendant. As to this issue there was no proof of negligence. Plaintiff testified: "As I was going down from the pile marked 'B' to the wagon, all of a sudden I felt the plank going and I landed in the gangway and that is all I know." Lynch stated: "The plank got away from me because my hook pulled out. . . . As a matter of fact, I don't know very much about what caused this accident other than the fact that the hook came out of the plank, and the plank got away from me. . . . I had the best hooking that I could have on the plank at the time Mr. Lemmermann started down. I put the hook down as we put it in at all times, about the same way—a jab and the hook generally holds." This being all the testimony as to the immediate cause of the accident, a finding of negligence on the part of Lynch in failing to maintain a firm hold upon the plank would not have been warranted. Without such finding a verdict in favor of plaintiff would not have been supported under the pleadings.

Furthermore, the facts disclosed by the evidence sustained the affirmative defense pleaded by defendant. It must be presumed that plaintiff, having been engaged in like occupations for four years, had equal knowledge with Lynch as to the danger of intrusting his safety to the precarious hold of one man with a single lumber-hook upon a slanting sixteen-foot plank with plaintiff's weight added thereto. The facts bear close resemblance to those involved in *Hall* v. *Clark,* 163 Cal. 392, 395, [125 Pac. 1047, 1049]. In that case the employee was ordered to drive his team over an embankment. It was held that in obeying such order he was guilty of negligence, for the reason that the danger was as apparent to the injured employee as to the foreman who

gave the order. It is true that, at the time that case was decided, the defense of assumption of risk had not been abolished by the Employers' Liability Act. The defense here pleaded is neither that plaintiff assumed the risk of his employment, which "is said to rest on contract" (*Tubbs* v. *Stone & Webster C. Co.*, 30 Cal. App. 705, 709, [159 Pac. 242, 244]), nor is it a pleading of contributory negligence on the part of plaintiff, which assumes negligence on the part of defendant, but is a charge that the accident was caused solely by the plaintiff's negligence. (*Crabbe* v. *Mammoth Channel G. Min. Co.*, 168 Cal. 500, 505, [143 Pac. 714].) The effect of the Employers' Liability Act (Stats. 1911, p. 796) upon the two designated defenses is, therefore, not material.

Appellant relies upon the case of *Tubbs* v. *Stone & Webster C. Co.*, 30 Cal. App. 705, [159 Pac. 242], as authority for his position that the question of negligence in the instant case should have been submitted to the jury. The case referred to is distinguished by the learned writer of that opinion from the case of *Hall* v. *Clark* in the following language: "The conclusions we have reached on this branch of the case are not at all in conflict with the decision in *Hall* v. *Clark*, 163 Cal. 392, [125 Pac. 1047], but are in harmony with it. The two cases are readily differentiated. In that case the plaintiff could know and appreciate the dangers incident to obeying the order as soon as it was made. The situation was visible, apparent, and known. In this case the danger was not known or appreciated until the risk had been well entered upon. In that case the plaintiff, with full knowledge of all the facts, did a manifestly dangerous act." The above comment on the case of *Hall* v. *Clark* is equally applicable to the case at bar. [3] In this case the plaintiff could know and appreciate the dangers incident to obeying the order of Lynch as soon as it was given. As a man of experience in lumber-yards, he must have known the risk assumed in the method of transportation which he adopted. According to his own testimony, he chose that method because he deemed it safer. His judgment upon that matter was erroneous, and for that mistake on the employee's part the law does not hold the employer responsible. Under the facts as disclosed by the evidence and the rule of law stated

at the commencement of this opinion, the granting of the motion for nonsuit was not erroneous.

The judgment appealed from is affirmed.

Langdon, P. J., and Brittain, J., concurred.