[Civ. No. 527. Second Appellate District.—November 16, 1908.]

## C. E. KENNY, Respondent, v. E. I. KENNEDY, Appellant.

NEGLIGENCE—SALE OF GASOLINE FOR COAL-OIL—EXPLOSION—DESTRUC-
TION OF PROPERTY—RESPONSIBILITY OF GROCER.—A grocer to whom
plaintiff applied for a can of coal-oil, and who negligently delivered
gasoline as coal-oil, which, being placed in lamps lighted without
knowledge of the negligence, caused an explosion, which resulted in
the destruction of plaintiff's dwelling and personal property therein,
is responsible for the resulting damage, if no contributory negli-
gence appears on the part of the plaintiff.

ID.—CONTRIBUTORY NEGLIGENCE—MATTER OF DEFENSE—PLEADING—
FINDING.—When contributory negligence does not appear upon the
face of the complaint nor in the plaintiff's evidence, it is matter
of defense which must be pleaded and proved by the defendant, and
if not pleaded in the answer, no finding is required thereupon.

ID.—NEW TRIAL—NEWLY DISCOVERED EVIDENCE—CUMULATIVE PROOF—
DISCRETION.—When a motion for a new trial is made on the ground
of newly discovered evidence, which is merely cumulative, it is
matter within the sound discretion of the trial court to determine
whether it is of such a character as to render a different result
probable; and its discretion will not be interfered with when no
abuse thereof appears.

APPEAL from a judgment of the Superior Court of Los
Angeles County. Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

Haas, Garrett & Dunnigan, for Appellant.

Powers & Holland, for Respondent.

ALLEN, P. J.—Action for damages. Findings and judg-
ment against defendant, who appeals from the judgment and
an order denying a new trial.

The findings of the court, all of which have support from
the evidence, are in effect: That plaintiff, through his wife,
authorized in that behalf, applied to defendant, who was his
family grocer, for a can of coal-oil; that defendant in at-
tempting to fill such order carelessly and negligently delivered
to plaintiff's wife gasoline instead of coal-oil; that the wife
of plaintiff, in ignorance of such fact, filled the lamps with

the article purchased and an explosion resulted, causing the destruction by fire of plaintiff's house and personal property.

No issue as to contributory negligence is presented by the pleadings, notwithstanding which fact defendant insists that the record discloses such contributory negligence upon the part of plaintiff as to preclude recovery. "It is the settled rule in this state that contributory negligence is a defense to be affirmatively established by the defendant, unless it is shown or can be inferred from the evidence given in support of the plaintiff's case." (*Green* v. *Southern Pacific Co.*, 132 Cal. 254, [64 Pac. 255].) "Contributory negligence is matter of defense, where it does not appear upon the face of the complaint, or by the evidence for the plaintiff." (*Cahill* v. *E. B. & A. L. Stone & Co.*, 153 Cal. 571, [96 Pac. 84].) If, therefore, under such circumstances it is a matter of defense, it is incumbent upon the defendant by his answer to plead the same that he may avail himself of such defense; for, there being no issue as to contributory negligence, no finding in relation thereto would be required. (*Birsch* v. *Citizens' Electric Co.*, 36 Mont. 574, [93 Pac. 940]; *Smith* v. *Ogden & N. W. R. Co.*, 33 Utah, 129, [93 Pac. 185].) Under this rule, we may not upon this appeal, in determining the question of contributory negligence, consider any evidence other than that presented by plaintiff in establishing his case. A reference to plaintiff's evidence discloses that there is nothing therein tending to show contributory negligence. It is true that the wife of plaintiff testifies that on the night preceding the fire the lamps, which had been filled from the article purchased from defendant, acted badly and were extinguished on account thereof, and that on the day following she inquired of defendant as to the character of the oil he had furnished her, upon which occasion defendant assured her that the oil was all right, but gave as an opinion that the burners of her lamps were defective. The wife of plaintiff then cleaned the burners, refilled the lamps, and at nightfall lighted them, when one of the lamps exploded. There is nothing in the evidence indicating that the opinion of the defendant as to the defect in the burners had any foundation in fact, or that the burners were in any wise defective, but, on the contrary, the evidence is most satisfactory that the article sold was gasoline, unfit for use in a lamp, dangerous, and on account of its peculiar character an explosion was inevitable.

We perceive no error in the action of the trial court deny-ing the motion for a new trial based upon the affidavits of newly discovered evidence. By these affidavits defendant sought only to contradict certain witnesses of plaintiff who testified upon the trial. Applying to newly discovered evi-dence of this character the rule applicable where newly dis-covered evidence is merely cumulative, which is, that the newly discovered evidence should be of such a character as to ren-der a different result probable upon the new trial, and which fact is for determination by the trial court in the exercise of a sound discretion (*Oberlander* v. *Fixen & Co.,* 129 Cal. 692, [62 Pac. 254]), we see no reason why the action of the trial court in this instance should be disturbed. The record dis-closes that the cause was tried by the court without a jury. The trial court, then, upon this motion for a new trial had before it the affidavits, and in denying such motion deter-mined that the statements contained in the affidavits were not of such character as to change the result or affect the judg-ment of the court. In determining the effect of affidavits of this character a discretion reposes in the trial court, and its action will not be disturbed unless an abuse of such discre-tion is made apparent. No such abuse of discretion is here shown.

Judgment and order affirmed.

Shaw, J., and Taggart, J., concurred.