[Civ. No. 11848. Second Appellate District, Division Two.—November 30, 1938.]

EDWARD A. KIRCHHOF, Respondent, v. J. E. MORRIS, Appellant.

Joseph A. Spray and Charles P. Gould for Appellant.

DeForrest Home for Respondent.

CRAIL, P. J.—This is an appeal from a judgment in favor of the plaintiff after trial before a jury in an action to recover damages for personal injuries resulting from a collision between two automobiles. The defendant contends that the judgment should be reversed because of the failure of the trial court to give certain instructions which were asked for by him.

The first contention of the defendant is that the court erred in refusing to give a certain instruction on the theory of contributory negligence, and the defendant contends in this regard that "the jury was left without direction on the principles of contributory negligence". We find, however, that the court gave the following instruction: "I instruct you that if you find that both parties to this accident were guilty of negligence which proximately contributed to cause the accident, then neither party is entitled to recover from the other. In other words, if the plaintiff is guilty of *any negligence, no matter how slight, which proximately contributed to the accident* then he cannot recover on his complaint; and if the cross-complainant was guilty of any negligence, no matter how slight, which proximately contributed to the accident, then he cannot recover on his cross-complaint; and under such a finding your verdict must be in favor of the defendant upon the complaint and in favor of cross-defendant on the cross-complaint." In our view, this instruction which was requested by the defendant adequately covered the subject.

The defendant makes the same contention with regard to instructions covering the subjects of contributory negligence, proximate cause, unavoidable accident, ordinary care, burden of proof, preponderance of evidence, and the jury could not compare the negligence of the parties. But as to all these subjects we find that the instructions which were given by the court adequately covered the subjects.

The defendant also contends that the court erred in refusing to give an instruction to the effect that the defendant, if operating his automobile lawfully and with reasonable care, could rely on the presumption that others using the highway

would obey the law. The record does not contain any instruction covering this subject in behalf of the defendant. We have examined the whole record. There were six witnesses testifying as to the accident, and, aside from the defendant himself, the evidence makes it clear and overwhelming: That the defendant was going south on a three-lane highway; there were six or seven cars ahead of him going in the same direction; the defendant undertook to go around them and was going very fast, from sixty to seventy miles per hour; while so attempting to go around the automobiles, one of the cars in front of him turned out into the center lane to go around one of the cars in front of it; the defendant did not put on his brakes or slow down, but went over to the left-hand or third lane of traffic and blew his horn to drive the other car back, and then after passing the car tried to get back into the proper lane himself; he was still in the left-hand lane when he was twenty or thirty feet away from the plaintiff's car, which was coming toward him in the plaintiff's right-hand lane; the plaintiff was dazzled by the defendant's lights, and under the press of emergency tried to get out of the defendant's way by going into the center lane himself and thus the accident happened. Clearly, the defendant immediately prior to the accident was not obeying the law, but was violating sections 525 and 526 of the California Vehicle Code. We are satisfied that in this case the jury would have returned the same verdict if the court had given the instruc tion requested by the defendant and that there has been no miscarriage of justice. (Constitution of California, art. VI, sec. $4\frac{1}{2}$.)

Finally, the defendant contends that an instruction given to the jury was prejudicially erroneous because it advised the jury that the plaintiff could recover if the defendant violated a Vehicle Code section without qualifying the direction with the element of proximate cause, but we find that the instruction complained of adequately covers the subject of proximate cause, for it contains the following paragraph, "Therefore, in this case if you find that the defendant, Morris, drove into the center lane when the roadway ahead was not clearly visible and the center lane was not clear of traffic within a safe distance and that he was not preparing to make a left turn and that such act on his part was the

*sole proximate cause* of the accident, then your verdict in this case could be for the plaintiff."

Judgment affirmed.

Wood, J., concurred.

McCOMB, J., Dissenting.—I dissent.

Plaintiff filed a complaint against defendant alleging negligence in general terms and sought to recover damages for injuries resulting from an automobile accident. Defendant filed an answer denying negligence and alleging contributory negligence upon the part of plaintiff. He also filed a cross-complaint alleging negligence on plaintiff's part and seeking damages therefor. To the cross-complaint plaintiff filed an answer denying negligence and alleging contributory negligence on the part of defendant.

Plaintiff testified that September 7, 1936, he was driving in a northerly direction on the coast highway between San Diego and Los Angeles; that his car was in the easterly lane of the three-lane highway; that defendant was driving his automobile in a southerly direction on the same highway, and that, as the two cars approached, defendant attempted to pass two other machines also traveling in a southerly direction; that in so doing defendant's car was forced over into the easterly lane of traffic, and that while the latter was traveling at a rate of from 50 to 60 miles per hour he drove his car into plaintiff's automobile.

The defendant on the other hand testified that just prior to the collision he had turned into the center lane of traffic and had passed another automobile traveling in a southerly direction, and that he was turning back into the westerly lane when plaintiff's car suddenly turned from the easterly lane into the center lane and struck the automobile which defendant was operating.

Defendant urges many reasons for reversal of the judgment, among them this proposition:

*The trial court committed prejudicial error in refusing to give to the jury at his request this instruction: "Contributory negligence is a want of ordinary care upon the part of a person injured by the actionable negligence of another and concurring with that negligence and contributing to the injury as a proximate cause thereof, without which the injury would*

*not have occurred. If you find that at the time of the accident plaintiff Mr. Kirchhof was guilty of contributory negligence, then plaintiff cannot recover against defendant, Mr. Morris, even though you find that defendant Mr. Morris was also negligent."*

This proposition is tenable.  The law is established in California that if (a) contributory negligence is put in issue by the pleadings, (b) substantial evidence is introduced which would support a finding of contributory negligence, (c) a party requests the trial judge to give an instruction properly stating the law relative to contributory negligence, which is refused, and (d) no instruction is given upon the doctrine of contributory negligence, then the failure to give the requested instruction constitutes prejudicial error and article VI, section 4½ of the Constitution is not available to cure such error.  (*Hoffman* v. *Southern Pac. Co.,* 84 Cal. App. 337, 354 [258 Pac. 397] ; *Spear* v. *United Railroads,* 16 Cal. App. 637, 651 [117 Pac. 956] ; 45 C. J. (1928) 1349, sec. 924.)

In the instant case defendant pleaded. contributory negligence, introduced evidence which would have sustained a finding of contributory negligence on plaintiff's part, and requested an instruction, which was refused, properly defining contributory negligence.  Since the trial court gave no instruction upon the doctrine of contributory negligence, applying the rule of law above stated to the facts of the instant case, it was reversible error for the trial judge to refuse to give the instruction set forth, *supra.*

For the foregoing reasons, in my opinion, the judgment should be reversed.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 26, 1939.